UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAURA WROBLE,

    Plaintiff,

        v.

THE LOCKFORMER COMPANY, a
division of MET-COIL SYSTEMS CORP.,
a Delaware corp., MESTEK, INC., a
Pennsylvania corp., and HONEYWELL
INTERNATIONAL INC., a Delaware corp.,

    Defendants.

No. 02 C 4992
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Laura Wroble alleges that due to the negligent conduct of the defendant corporations, she was exposed to the industrial solvent trichloroethylene ("TCE") as a child and young adult and developed cervical cancer as a result of that exposure. After several years of litigation, Wroble and other plaintiffs alleging similar injuries reached a settlement with two of the three corporations named as defendants in the suit: The Lockformer Company ("Lockformer"), a division of Met-Coil Systems Corp. ("Met-Coil"), and Mestek, Inc. ("Mestek"). The only remaining Defendant, Honeywell International, Inc., ("Honeywell"), seeks summary judgment on the ground that Wroble has not disclosed and cannot offer competent medical opinion evidence establishing a causal connection between her illness and alleged TCE exposure.

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R.*

*Civ. P. 56(c)*. A genuine issue of material fact exists when there is evidence on the basis of which a reasonable jury could find in the plaintiff's favor, allowing for all reasonable inferences drawn in a light most favorable to the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rule 56(c) requires the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Despite Wroble's vigorous efforts to ensure that Defendant Honeywell remained a party to the suit,[1] she failed to file a response to Honeywell's Motion for Summary Judgment or a Statement of Material Facts pursuant to Local Rule 56.1. The result of this failure is dire, as all of Defendant's facts are deemed admitted. *L.R. 56.1(b)(3)(B); see also Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant . . . because the movant's factual allegations are deemed admitted"). Wroble's failure to respond is all the more troublesome given the state of the record. Wroble withdrew her sole medical causation expert, Dr. Alan Hirsch, after Defendants objected to Dr. Hirsch's qualifications at the close of discovery.[2] Defendant

---

[1]On September 22, 2004, I entered an order finding a good faith settlement between Plaintiffs and Defendants MetCoil and Mestek. Defendant Honeywell was not a party to the settlement. Nonetheless, on November 22, 2004, I entered an order dismissing the case with prejudice. Shortly thereafter, Wroble moved to amend the November 22 dismissal order pursuant to Rule 60, arguing that the inclusion of Defendant Honeywell in the order was an inadvertent mistake. After hearing oral arguments, I agreed with Wroble, granted her Rule 60 motion, and set a briefing schedule for Defendant Honeywell's Renewed Motion for Summary Judgment.

[2]Defendants moved to exclude Dr. Hirsch after discovery ended. Wroble did not respond in writing, but withdrew Dr. Hirsch as an expert witness at an October, 2003 hearing. In

Honeywell argues that absent expert testimony, Wroble has no admissible evidence that might demonstrate a causal link between her cancer and Defendant's alleged conduct.

Wroble alleges negligence on the part of Defendant and seeks compensation for her disease, emotional distress and the cost of medical monitoring in the future. A plaintiff in a negligence action bears the burden of proving duty, breach of duty, proximate causation and damages. *Brown v. Baker*, 672 N.E.2d 69, 71 (Ill. App. Ct. 1996). Generally, a plaintiff must establish proximate cause in a personal injury action through the admissible testimony of an expert witness. *Kane v. Motorola, Inc.*, 779 N.E.2d 302, 310 (Ill. App. Ct. 2002) ("plaintiffs . . . must come forward with scientific evidence regarding causation to preclude the entry of summary judgment"); *Wintz v. Northrop Corp.*, 110 F.3d 508, 515 (7th Cir. 1997) ("[u]nder Illinois law, to serve as the sole basis for a conclusion that an act was the proximate cause of the plaintiff's injury, an expert must be able to testify with a reasonable degree of medical certainty that proximate cause existed"). Summary judgment for the defendant is appropriate when a plaintiff cannot prove proximate cause. *Kane*, 779 N.E.2d at 310-11; *Wintz*, 110 F.3d at 515-16.

Wroble claims that her cervical cancer was caused by TCE exposure, but offers no evidence to that effect. Without Dr. Hirsch's testimony, Wroble has no expert or other medical testimony linking her cancer with her childhood exposure to TCE. In *Porter v. Whitehall Labs., Inc.*, 9 F.3d 607 (7th Cir. 1993), the plaintiff administratrix filed suit against drug manufacturers, alleging that the defendants' drugs had caused the decedent's renal failure and death. The

---

November, Wroble sought leave to supplement her Rule 26(a)(2) disclosures in order to add another expert. I granted the motion, but almost immediately vacated the ruling on Defendant Mestek's motion. Thereafter, expert discovery was stayed while the parties pursued settlement. Since Defendant Honeywell renewed its motion for summary judgment, Wroble has not sought leave to disclose an expert witness.

defendants successfully moved for summary judgment after the district court excluded the plaintiff's expert witness pursuant to *Daubert*. Affirming the district court's decision, the Court of Appeals of the Seventh Circuit held that the district court correctly concluded that "expert testimony is necessary to determine the cause of Mr. Porter's renal failure." *Id.* at 612 (observing first that under Indiana law, a plaintiff "must prove every element of a prima facie case, including causation"). As with the plaintiff in *Porter*, Wroble's failure to offer expert testimony establishing Defendant's conduct as the proximate cause of her cancer warrants summary judgment of her claim.

Defendant also asserts that Wroble's lack of expert, medical testimony requires summary judgment on her claim for medical monitoring. Illinois courts and federal courts interpreting Illinois law have grappled with the medical monitoring remedy and have produced less than clear results. *See Guillory v. Am. Tobacco Co.*, 97 C 8641, 2001 U.S. Dist. LEXIS 3353, at *20-22 n.2 (N.D. Ill. Mar. 19, 2001) (reviewing cases and concluding that "[a]lthough the viability of a cause of action for medical monitoring has not yet been addressed in many jurisdictions, including this one, courts that have recognized the claim have concluded that a plaintiff may recover the cost of diagnostic medical evaluation proved to be proximately caused by the defendant's wrongdoing"). In *Carey v. Kerr-McGee Chem. Corp.*, 60 F. Supp.2d 800 (N.D. Ill. Aug. 18, 1999), Judge Gettleman denied the defendants' motion for summary judgment of the minor plaintiffs' claim for medical monitoring, observing that plaintiff's experts offered opinion evidence that raised a genuine issue of material fact with respect to the need for medical monitoring.

While it is not entirely clear that expert testimony is the only possible source of evidence for a medical monitoring claim, there are simply no facts in the record to support Wroble's claim that she requires continued medical monitoring.[3] Moreover, given that Wroble cannot prove that Defendant's actions proximately caused her injury, she cannot establish Defendant's liability for the costs of medical monitoring. *See Guillory*, 2001 U.S. Dist. LEXIS 3353 at *21. Summary judgment is granted on this claim, as well.

For these reasons, Defendant Honeywell's Motion for Summary Judgment as to all of Plaintiff's claims is GRANTED.[4]

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 17, 2006

---

[3] Wroble's Rule 26(a)(2) Disclosure does not identify a treating physician who will offer the opinion that her cancer was caused by her exposure to TCE.

[4] It is true that two Defendants settled with Plaintiff on the basis of the same allegations made here. Some may believe that because the other Defendants settled there must be at least some evidence to prove the validity of Plaintiff's claims. But this is not so. Defendants routinely settle suits that they might otherwise win and they do so for a variety of reasons. Moreover, even if a court could draw an inference from the actions of a settling defendant that there was a good basis in fact for a plaintiff's claim, the law has turned its face from such inferences by requiring that the case against each defendant be decided on its own merits. Cases such as this one are really three separate lawsuits, and Plaintiff must prove her case against each Defendant individually.